WILMA KREBS, ADMINISTRATRIX, &c., OF JULIUS KREBS, DECEASED, APPELLANT, v. EDWARD F. RUBSAM ET AL., RESPONDENTS.

Submitted March 21, 1918—Decided June 5, 1918.

1. An action lies against the owner of a tenement house for failure to keep the hall lights burning until ten P. M. as required by section 126 of the act (*Comp. Stat. p.* 5323, 5341) when it appears that such failure was negligent, tested by the rules of common law.

2. Where the lights have been properly lit, but extinguished before ten P. M. by an independent agency for which the owner is not responsible, and an accident occurs in consequence, the question to be answered in determining negligence of the owner or his agent is whether the period of time between the extinguishing of the light and the injury was such that said owner or agent should in the exercise of reasonable care have discovered the situation and relit the light.

3. Ordinarily that question is for the jury, but when the facts are undisputed and no other inference can be reasonably drawn than that of absence of negligence, a verdict for defendant is properly directed.

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the appellant, *Adam J. Rossbach.*

For the respondent, *John A. Bernhard.*

The opinion of the court was delivered by

PARKER, J. This is a negligence case. The trial judge directed a verdict for the defendant and this judicial action is the sole ground of appeal.

Defendants were the owners and proprietors of a house in Newark occupied by three families, one on each floor, and coming within the statutory definition of a "tenement house." *Pamph. L.* 1904, *p.* 96, § 2; *Comp. Stat., p.* 5323. It was their statutory duty as such owners to keep a proper light burning in the public hallways near the stairs, upon every floor, between sunset and ten o'clock each evening. Section 126; *Kargman* v. *Carlo,* 85 *N. J. L.* 632, 635. The complaint alleged a negligent failure to perform this duty, and that in consequence thereof deceased fell while descending the stairs on a specified evening before ten o'clock, and sustained injuries from which he died. There was a dispute on the evidence as to whether he died as a result of the fall, but this may, for present purposes, be assumed to be a jury question. In cases of this class where the statute is penal in character, and the right of action is predicated on an alleged violation of the statutory duty, the action is governed by the ordinary rules of negligence cases except that the violation of the statute operates as the basis of the defendant's liability, the defendant retaining all the defences appropriate to an action of negligence that are not affected by the statute.

*Evers* v. *Davis,* 86 *Id.* 196, 204, 205. Thus, to recover in a private action, for an omission of the statutory duty, plaintiff must show that the omission was a negligent one; *Ibid.,* and, indeed, this was the charge in the complaint. But in the case at bar there was, in our opinion, no evidence to justify the submission of alleged negligence to the jury. It appeared on the testimony that deceased started down stairs from the top floor, occupied by a friend of his named Ruder, just before ten o'clock and that as he was descending the stairs from the second to the ground floor, the gas light on the ground floor newel was out; but, on the other hand, it appeared by plaintiff's own witness Ruder that the light in question had been lit that evening until deceased actually started, or was ready to start, down the stairs. Ruder testified that when he turned up his own light (on the third floor as Krebs was about to leave) the first floor light was lit, and when Krebs came from his kitchen to go down that went out. There was nothing in the defendant's case more favorable to the plaintiff. It appeared, without contradiction, that the light had been turned out by a young son of Rubsam, who testified that he was at night school till nine-thirty, and reached home at nine fifty-five, turning out the light as he went upstairs, and that his father had forbidden him to touch the lights, but on this night he thought his father was already home, and so he turned out the light as he went upstairs. Defendant Edward F. Rubsam testified that no one but himself had any authority to turn out the lights. Mrs. Scherer, the other defendant, also testified that she never gave any authority to the son, and that her brother Edward Rubsam had the entire active management of the house. There was no claim that either defendant or Edward's wife knew the light was out before the accident. It was, therefore, uncontradicted that the light was extinguished by the unauthorized act of a third person, and, consequently, for this direct act defendants were not responsible. Any claim that they were negligent must rest on the proposition that after the light was turned out they should, in the exercise of ordinary care, have discovered this and relit it, not merely before

ten o'clock but before Krebs went downstairs. *Schnatterer* v. *Bamberger*, 81 *Id.* 558. Ordinarily, this is a jury question, but this case falls within the class of cases where by reason of undisputed facts and an interval of time between the creation of the danger and the accident, so short that men cannot reasonably draw different inferences from the testimony, negligence has been held as a court question to be non-existent. *Timlan* v. *Dilworth*, 76 *Id.* 568; *Schnatterer* v. *Bamberger, supra.* Assuming, therefore, that the absence of light caused the fall and the fall caused the death, there was nothing to require the submission to the jury of the question whether the defendants were negligent in not relighting the light prior to Krebs' departure from the Ruder apartment. The trial court, therefore, properly directed the verdict and the judgment will be affirmed.